[894 NYS2d 890]

In the Matter of STUART M. GORMAN (Admitted as STUART MICHAEL GORMAN), an Attorney, Resignor.

Second Department, March 2, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Daniel M. Mitola* of counsel), for Grievance Committee for the Tenth Judicial District.

*Collins, McDonald & Gann, P.C.*, Mineola (*Marc C. Gann* of counsel), for resignor.

#### OPINION OF THE COURT

Per Curiam.

Stuart M. Gorman has submitted an affidavit dated June 2, 2009, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Gorman was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 5, 1980, under the name Stuart Michael Gorman.

Mr. Gorman acknowledges that the Grievance Committee's preliminary investigation reveals evidence that, inter alia, he has been guilty of infractions of the Code of Professional Responsibility regarding the maintenance of his law firm's escrow account and the preservation of funds entrusted to him as fiduciary. He has been advised that charges, including some based upon the following allegations, would be prosecuted in a disciplinary proceeding against him to be recommended to the Court. It is specifically alleged that Mr. Gorman failed to properly account for and safeguard $84,425 of funds he was required to hold on behalf of April Turner and Paul Turner from the sale of their home; that he failed to insure that a bar claims action was timely resolved, resulting in $8,000 belonging to Mildred Scott not being distributed to her for more than four years after the sale of her home; that he failed to preserve $73,500 that he was required to hold in his escrow account on behalf of Frank Viscuso and Elizabeth Mucci in relation to a real estate matter; and that he failed to cooperate with the Grievance Committee in that he did not timely reply to their letters.

Mr. Gorman acknowledges his inability to successfully defend himself on the merits of any disciplinary charges which might be initiated by the Grievance Committee based upon these facts and circumstances. He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone.

Mr. Gorman has discussed his decision to resign with his attorney as well as other persons whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Second Department from seeking reinstatement for at least seven years.

Mr. Gorman acknowledges that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Stuart M. Gorman, admitted as Stuart Michael Gorman, is disbarred and his name is stricken from the roll of attorneys.

PRUDENTI, P.J., RIVERA, SKELOS, FISHER and BELEN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stuart M. Gorman, admitted as Stuart Michael Gorman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stuart M. Gorman, admitted as Stuart Michael Gorman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stuart M. Gorman, admitted as Stuart Michael Gorman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Stuart M. Gorman, admitted as Stuart Michael Gorman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).